# Gleason & Koatz, LLP

122 East 42nd Street
New York, New York 10168
Tel: 212-986-1544
www.gleasonkoatz.com

November 9, 2010

<u>Via CM/ECF Pursuant to Court Order dated October 13, 2010</u>

Hon. J. Frederick Motz
United States District Court Judge
United States District Court for the
 Southern District of New York
300 Quarropas Street
New York, New York 10601-4150

Re: <u>CEO Clubs, et al. v. Worthy, et al. – Civil Action No. 10cv06729</u>

May It Please the Court:

On November 3, 2010, I filed a Notice of Appearance with this Court on behalf of defendants (the "<u>Defendants</u>") William M. Worthy, II and David J. Clark (<u>See</u>: Docket Entry #13, 14).

I submit this letter (via CM/ECF) on behalf of the Defendants and pursuant to your Honor's Order (the "<u>Order</u>") dated October 13, 2010.

Due to court appearances and other court commitments, I have been unable until today to respond to the Order (which was entered before I filed the Notice of Appearance). I request that the Court consider this response and accept it *nunc pro tunc* in the interests of justice.

Defendants request additional time to answer or otherwise respond to the complaint (the "<u>Complaint</u>") filed in this action by plaintiffs. Defendants request that the Court extend time to answer until at least the date of the Court's Fed. R. Civ. P. 16 conference. The reasons justifying an extension of time are many.

First, the complexity of the allegations contained in the Complaint (22 pages, containing 97 separate paragraphs) requires Defendants to perform a detailed investigation in order to respond intelligently. Plaintiff's RICO

1

allegations apply to a broad range of conduct, occurring over an extended period ("*Defendants are all part of a nationwide criminal enterprise that has existed and operated since at least 2001*"; (See: Complaint, ¶ 30). The allegations assert numerous claims against numerous parties. (Id. at ¶¶ 3-29, identifying at least eleven individual and company defendants).

To establish a pattern of racketeering activity, plaintiff must allege separate predicate acts that are both related and pose a threat of continuity. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229 (1989). We believe the Complaint is deficient in this regard. If, however, plaintiff were to seek to amend the Complaint that will spark new discovery obligations that Defendants must respect.

Second, the Complaint alleges the conduct occurred in many states, including Nebraska, New Jersey, New York, South Carolina, North Carolina, Missouri, Texas, Tennessee, California, and Pennsylvania. The Complaint alleges that the conduct was perpetrated as well on the Internet - at least nine websites were part of the alleged "*nationwide criminal enterprise*". (Id. ¶ 38). The wide scope and area dictate that substantial investigation be undertaken by Defendants and discovery provided by plaintiffs.

Moreover, the Complaint alleges plaintiffs "suffered a loss of reputation…". The harm assertedly sustained by the plaintiffs - injury to their reputation - is precisely the same as that caused by defamation. A party seeking recovery for an injury to reputation is claiming defamation, not negligence. *Hall v. United Parcel Service of America, Inc.,* 76 N.Y.2d 27, 556 N.Y.S.2d 21, 555 N.E.2d 273 (1990). Hence, New York's one-year period of limitations is applicable to defamation actions. Plaintiff's allegations of defamation occurring after September 9, 2009, therefore are barred. This issue should be resolved before either Defendants respond to the Complaint or conduct discovery with regard to claims that will be barred.

The strict pleading requirements peculiar to RICO may result in extensive motion practice directed at dismissing all or parts of the complaint. Decision of these motions can significantly affect the scope of this litigation; eliminating claims will not only obviate discovery and other proceedings related to the claims themselves, but may remove the jurisdictional predicate for supplemental state law claims, allowing them to be dismissed as well. See, e.g., *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 584 (5th Cir. 1992); *Spiegel v. Continental Ill. Nat. Bank*, 790 F.2d 638, 649 (7th Cir. 1986).

The court should therefore adopt procedures for this case designed to test

the sufficiency of the pleadings early on, before other significant litigation activity commences. I ask the court to adopt a case order requiring submission of such statements before responsive motions or pleadings are due from the Defendants.

I seek this relief because, given the complex nature of the allegations contained in the Complaint, it is not possible to determine the sufficiency of the RICO claims until the parties have conducted discovery. Prior to the management conference, the court should require the Plaintiff to file statements and memoranda setting out its claims that remain viable and the factual and legal bases therefor. See, e.g., *Michaels Bldg. Co. v. Ameritrust Co.*, N.A., 848 F.2d 674, 679 (6th Cir. 1988); *Halperin v. Berlandi*, 114 F.R.D. 8, 11 (D. Mass. 1986).

Therefore, Defendants request that the Court extend the time for Defendants to answer or otherwise respond to the Complaint until at least after the Court conducts a Rule 16 conference.

Simultaneously with the filing of the within letter, I am providing a copy thereof to Jeffrey Bruce Gold, Esq., lead attorney to plaintiffs via email at jgold@goldstewart.com.

Respectfully submitted,

Gleason & Koatz, LLP

By:    s/s *John P. Gleason*
       John P. Gleason