UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CEO CLUBS, INC., et al., | ) | 10 CV 06729 (JFM) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **ANSWER & COUNTERCLAIMS** |
| v. | ) | |
| | ) | |
| WILLIAM M. WORTHY, II, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants William M. Worthy, II ("Worthy"), David J. Clark ("Clark")

and Real Benefits Association, LLC ("RBA") (Worthy, Clark and RBA

collectively, the "Defendants") by way of their answer to the complaint (the

"Complaint") filed in this action through their attorneys Gleason & Koatz,

LLP state:

    1.    The allegations contained in paragraph 1 of the Complaint

constitute legal conclusions and assertions to which no answer is required.

    2.    The allegations contained in paragraph 2 of the Complaint

constitute legal conclusions and assertions to which no answer is required.

The allegations contained in paragraph 2 of the Complaint are denied.

3.     The Defendants lack information sufficient to form a belief as to the allegations contained in paragraph 3 of the Complaint. Deny the allegations contained in paragraph 3 of the Complaint.

4.     The Defendants lack information sufficient to form a belief as to the allegations contained in paragraph 4 of the Complaint. Deny the allegations contained in paragraph 4 of the Complaint.

5.     The Defendants lack information sufficient to form a belief as to the allegations contained in paragraph 5 of the Complaint. Deny the allegations contained in paragraph 5 of the Complaint.

6.     The Defendants lack information sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint. Deny the allegations contained in paragraph 6 of the Complaint.

7.     The Defendants lack information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint. Deny the allegations contained in paragraph 7 of the Complaint.

8.     The Defendants lack information sufficient to form a belief as to the allegations contained in paragraph 8 of the Complaint. Deny the allegations contained in paragraph 8 of the Complaint.

9.     The Defendants lack information sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint. Deny the allegations contained in paragraph 9 of the Complaint.

10.     The Defendants lack information sufficient to form a belief as to the allegations contained in paragraph 10 of the Complaint. Deny the allegations contained in paragraph 10 of the Complaint.

11.     The Defendants lack information sufficient to form a belief as to the allegations contained in paragraph 11 of the Complaint. Deny the allegations contained in paragraph 11 of the Complaint.

12.     The Defendants lack information sufficient to form a belief as to the allegations contained in paragraph 12 of the Complaint. Deny the allegations contained in paragraph 12 of the Complaint.

13.     The Defendants lack information sufficient to form a belief as to the allegations contained in paragraph 13 of the Complaint. Deny the allegations contained in paragraph 13 of the Complaint.

14.     Worthy denies the allegations contained in paragraph 14 of the Complaint but admits he was a resident of South Carolina.

15.     Clark denies the allegations contained in paragraph 15 of the Complaint but admits he was a resident of New Jersey.

16.     Clark admits that RBA is an entity; denies the allegations contained in paragraph 16 of the Complaint.

17.     Clark denies the allegations contained in paragraph 17 of the Complaint.

18.     Denies the allegations contained in paragraph 18 of the complaint and refers to the public records with regard to the formation of

RBA.

19.     The Defendants lack information sufficient to form a belief as to the allegations contained in paragraph 19 of the Complaint. Deny the allegations contained in paragraph 19 of the Complaint.

20.     The Defendants lack information sufficient to form a belief as to the allegations contained in paragraph 20 of the Complaint. Deny the allegations contained in paragraph 20 of the Complaint.

21.     The Defendants lack information sufficient to form a belief as to the allegations contained in paragraph 21 of the Complaint. Deny the allegations contained in paragraph218 of the Complaint.

22.     The Defendants lack information sufficient to form a belief as to the allegations contained in paragraph 22 of the Complaint. Deny the allegations contained in paragraph 22 of the Complaint.

23.     The Defendants lack information sufficient to form a belief as to the allegations contained in paragraph 23 of the Complaint. Deny the allegations contained in paragraph 23 of the Complaint.

24.     The Defendants lack information sufficient to form a belief as to the allegations contained in paragraph 24 of the Complaint. Deny the allegations contained in paragraph 24 of the Complaint.

25.     The Defendants lack information sufficient to form a belief as to the allegations contained in paragraph 25 of the Complaint. Deny the allegations contained in paragraph 25 of the Complaint.

26.     The Defendants lack information sufficient to form a belief as to the allegations contained in paragraph 26 of the Complaint. Deny the allegations contained in paragraph 26 of the Complaint.

27.     The Defendants lack information sufficient to form a belief as to the allegations contained in paragraph 27 of the Complaint. Deny the allegations contained in paragraph 27 of the Complaint.

28.     The Defendants lack information sufficient to form a belief as to the allegations contained in paragraph 28 of the Complaint. Deny the allegations contained in paragraph 28 of the Complaint.

29.     The Defendants lack information sufficient to form a belief as to the allegations contained in paragraph 29 of the Complaint. Deny the allegations contained in paragraph 29 of the Complaint.

30.     To the extent the statements contained in paragraph 30 of the Complaint constitute proper allegations of fact (Defendants deny they constitute allegations of fact), Defendants deny them.

31.     Defendants deny the allegations contained in paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in paragraph 34 of

the Complaint.

35.     Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in paragraph 38 of the Complaint.

39.     The paragraph of the Complaint that should be numbered "39" is numbered incorrectly as "30", nevertheless Defendants deny the allegations contained in the 39th paragraph of the Complaint.

40.     Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.     Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.     Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained in paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in paragraph 59 of the Complaint.

60.     Defendants deny the allegations contained in paragraph 60 of the Complaint.

61.     Defendants deny the allegations contained in paragraph 61 of the Complaint.

62.     Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.     Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.     Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.     Defendants deny the allegations contained in paragraph 65 of the Complaint.

66.     Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.     Defendants deny the allegations contained in paragraph 67 of the Complaint.

68.     Defendants deny the allegations contained in paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in paragraph 73 of the Complaint.

74.     Defendants deny the allegations contained in paragraph 74 of the Complaint.

75.     Defendants deny the allegations contained in paragraph 75 of the Complaint.

76.     Defendants deny the allegations contained in paragraph 76 of the Complaint.

77.     Defendants deny the allegations contained in paragraph 77 of the Complaint.

78.    Defendants deny the allegations contained in paragraph 78 of the Complaint.

79.    Defendants deny the allegations contained in paragraph 79 of the Complaint.

80.    Defendants deny the allegations contained in paragraph 80 of the Complaint.

81.    Defendants deny the allegations contained in paragraph 81 of the Complaint.

82.    Defendants deny the allegations contained in paragraph 82 of the Complaint.

83.    Defendants deny the allegations contained in paragraph 83 of the Complaint.

84.    Defendants deny the allegations contained in paragraph 84 of the Complaint.

85.    Defendants deny the allegations contained in paragraph 85 of the Complaint.

86.    Defendants deny the allegations contained in paragraph 86 of the Complaint.

87.    Defendants deny the allegations contained in paragraph 87 of the Complaint.

88.    Defendants deny the allegations contained in paragraph 88 of the Complaint.

89.     Defendants deny the allegations contained in paragraph 89 of the Complaint.

90.     Defendants deny the allegations contained in paragraph 90 of the Complaint.

91.     Defendants deny the allegations contained in paragraph 91 of the Complaint.

92.     Defendants deny the allegations contained in paragraph 92 of the Complaint.

93.     Defendants deny the allegations contained in paragraph 93 of the Complaint.

94.     Defendants deny the allegations contained in paragraph 94 of the Complaint.

95.     Defendants deny the allegations contained in paragraph 95 of the Complaint.

96.     Defendants deny the allegations contained in paragraph 96 of the Complaint.

97.     Defendants deny the allegations contained in paragraph 97 of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

98.     The Complaint and each claim for relief alleged therein fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

99.   The Statute of Frauds bars the Complaint to the extent that any

agreement plaintiff alleges was never made in writing.

## THIRD AFFIRMATIVE DEFENSE

100.   C.P.L.R §§213(2)(8) (Statutes of Limitations) bars the

Complaint.

## FOURTH AFFIRMATIVE DEFENSE

101.   The United States District Court for the Southern District of

New York lacks subject matter and personal jurisdiction in this action.

## FIFTH AFFIRMATIVE DEFENSE

102.   Plaintiffs have waived any rights they may have had or acquired

under the facts of this action.

## SIXTH AFFIRMATIVE DEFENSE

103.   Plaintiffs are guilty of Laches, which, therefore, bars the

Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

104.   The losses, if any, that plaintiffs allege they sustained were

caused by their own culpable conduct.

## EIGHTH AFFIRMATIVE DEFENSE

105.   Any damages sustained by plaintiffs were not caused by the

negligence of these answering defendants, their servants, agents or

employees, but were caused solely by the negligence of plaintiffs, and such

negligent conduct requires diminution of any award, verdict or judgment that
plaintiff may recover against Defendants.

NINTH AFFIRMATIVE DEFENSE

106.   In the event plaintiffs recover a verdict or judgment against
Defendants, then the verdict or judgment must be reduced pursuant to
C.P.L.R. §4545.

TENTH AFFIRMATIVE DEFENSE

107.   Defendant is entitled to and claims the limitations of liability
pursuant to Article 16 of the CPLR.

ELEVENTH AFFIRMATIVE DEFENSE

108.   The negligence of a third person or entity over which Defendants
had no control was a superseding cause and insulates Defendants from
liability in this matter.

TWELFTH AFFIRMATIVE DEFENSE

109.   Any damages or injuries sustained by plaintiffs were not caused
by the negligence of these answering defendants, their servants, agents or
employees, but were caused in whole or in part by the contributory negligence
and/or culpable conduct of plaintiffs, and such conduct requires diminution of
any award, verdict or judgment that plaintiffs may recover against
defendants.

THIRTEENTH AFFIRMATIVE DEFENSE

110.   The injuries and/or damages alleged by plaintiffs were caused by

intervening, superseding causes other than those alleged in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

111.   One or more of the causes of action alleged in the Complaint is barred for lack of the requisite legal relationship between plaintiffs and these answering defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

112.   The sole proximate cause of plaintiffs' injuries was the breach of duty by persons or entities other than these answering defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

113.   Plaintiffs fail to plead allegations of fraud in the Complaint with the required degree of specificity and the Complaint must, therefore be dismissed.

## COUNTERCLAIMS BY THE DEFENDANTS AGAINST PLAINTIFFS and COMPLAINT AGAINST KEVIN DUNN

114.   By way of counterclaims against each Plaintiff and as and for a third-party complaint against Kevin Dunn ("Dunn"), the Defendants allege as follows.

115.   This Court has pendent jurisdiction over plaintiffs and Dunn by virtue of each of their pleadings, submission to the jurisdiction of this court, residence in this District and Dunn's actions with regard to the subject matter of the counterclaims and action within this District.

116.   Plaintiffs and Dunn have jointly and severally wrongfully diverted at least $1 million in insurance premiums.

117.   The Defendants-Counterclaimants were involved in the insurance business and received and were entrusted with insurance premiums.

118.   Defendants-Counterclaimants delivered such premiums to Plaintiff and Dunn and each should have properly accounted for and paid over the premiums to the proper insurance carriers.

119.   Plaintiffs and Dunn however jointly and severally misappropriated such premiums, failed and refused to deliver such premiums to the proper carriers.

120.   As a direct and proximate result of the wrongful conduct of each of Plaintiffs and Dunn, Defendants-Counterclaimants suffered financial injury in an amount to be determined at trial but not less than $1 million.

121.   Defendants-Counterclaimants seek permission to amend the caption of this action to include a third-party action by them against Dunn.

**WHEREFORE**, Defendants-Counterclaimants demand judgment in their favor and against Plaintiffs and Dunn jointly and severally as follows:

A.  Dismissing the Complaint in its entirety;

B.   Awarding judgment in favor of Defendants-Counterclaimants and against Plaintiffs and Dunn jointly and severally in an amount to be determined at trial but not less than $1 million plus the costs, disbursements and reasonable attorneys' fee incurred by Defendants-Counterclaimants in this action, and

C.     Such other and further relief as is appropriate.

Dated:  December 30, 2010
        New York, New York

                                        Gleason & Koatz, LLP


                                        By: s/s *John P. Gleason*
                                             John P. Gleason

                                        122 East 42nd Street
                                        New York, New York 10168
                                        (212) 986-1544
                                        *Attorneys for Defendants*
                                        *William M. Worthy, II. David L.*
                                        *Clark and Real Benefits*
                                        *Association, LLC*

**TO**:   Gold, Stewart, Kravatz, Benes LLP
          1025 Old Country Road, Suite 301
          Westbury, NY 11590
          Attorney for Plaintiffs

16